UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

MOMEN ELSADY,

    Plaintiff,

v.

TRUE TRADING GROUP, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MOMEN ELSADY ("ELSADY"), by and through his undersigned counsels, hereby file his Complaint against Defendant, TRUE TRADING GROUP, LLC ("TTG"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, 26 U.S.C. § 7434, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continued to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

## PARTIES

4. Plaintiff ELSADY is over the age of eighteen, and otherwise *sui juris*. During all times relevant to this Complaint, ELSADY was employed by Defendant as a Moderator. Plaintiff was,

1

therefore, an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

5. Defendant TTG is a Florida limited liability company organized and existing in Florida, with its principal place of business in Coral Gables, Florida, and is authorized to do business in Florida. TTG has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

6. Specifically, TTG is a subscription-based trading platform that provides its members with access to learning materials on trading stocks, options, etc.; trading tools; chatrooms with other traders; mentorship and one-on-one coaching on trading; and real-time trade analysis from TTG's traders.

7. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

8. TTG, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. TTG is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

9. Defendant was the "employer" of Plaintiff as that term is defined under 29 U.S.C. §203(d).

10. Plaintiff should have been classified as an employee rather than an independent contractor throughout his employment because the manner in which he was to perform his work was directed by TTG.

## GENERAL ALLEGATIONS

11. Plaintiff ELSADY was a non-exempt employee of Defendant and was subject to the payroll practices and procedures set forth hereinafter.

12. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that ELSADY performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a workweek

14. Plaintiff ELSADY was hired by TTG as a TTG Moderator on or about January 7, 2021 until his termination on May 8, 2024.

15. Plaintiff's primary duty was acting as a support in the chatrooms, answering members' questions, and sharing his trades with TTG's members.

### Fair Labor Standards Act

16. During his employment, Plaintiff regularly worked approximately forty-five (45) hours per week.

17. The Defendant and its representatives knew that ELSADY was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. The Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

19. During ELSADY's employment with Defendant, he worked the number of hours required of him but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

20. Defendant willfully failed to record all time worked by ELSADY.

21.     The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

## Private Whistleblower Act

22.     During the course of his employment with Defendant, ELSADY became aware of Defendant's fraudulent practice of altering trades and success rate reports.

23.     These reports were compiled daily from TTG's traders and published for TTG's client-members to review and assess the company's performance.

24.     Specifically, Defendant altered the reports' losing trades into winning ones on many occasions.

25.     The performance reports were a way for TTG's client-members to assess the company's strength in trading because, after all, TTG is a subscription service that helps its members "win" in the stock market.

26.     By reporting mostly winning trades and leaving out losing trades, TTG misled its client-members about TTG's performance and, therefore, benefited from increased subscriptions and selling more goods and services.

27.     TTG would also prohibit anyone in their chatrooms from asking or talking about losing trades.

28.     Plaintiff's own personal trading reports were also altered after he submitted them.

29.     ELSADY reasonably believed that Defendant's practice of providing clearly manipulated reports to client-members was a violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201-.213; and/or Fla. Stat. § 817.29; and/or Fla. Stat. § 817.03.

30.     When ELSADY raised his concerns about the altered trade reports with TTG's owner, Adam Heimann, he initially assured Plaintiff that he would investigate and resolve the issue.

31. However, nothing was changed after the conversation Plaintiff had with TTG's owner.

32. Plaintiff further refused to participate in Defendant's fraudulent scheme, and in retaliation, Defendant terminated ELSADY's employment.

### Defamation Per Se

33. At the end of Plaintiff's employment, Defendant began to spread false representation that ELSADY repeatedly breached his non-compete agreement without any proof.

34. Defendant posted on its website and chatrooms, which consisted of approximately 2,000 client-members, that it terminated ELSADY because he continuously breached his non-compete agreement, which was completely false.

35. Defendant intentionally spread lies and false representations about ELSADY in his professional capacity in an effort to cause him financial and reputational harm.

36. Plaintiff has suffered damages, both special and presumed, as a result of Defendant's statements and actions.

37. Defendant knew that its statements were false and defamatory at the time they were made, acted with reckless disregard to whether or not those statements were false, or acted negligently in failing to ascertain the truth of those statements made.

38. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for their services.

39. Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

### COUNT I: VIOLATION OF FLSA/OVERTIME

40. Plaintiff ELSADY re-alleges and re-avers the allegations contained in paragraphs 1 – 21; 38-39 above as fully set forth herein.

41. Since the commencement of Plaintiff's employment, and in particular the three years preceding this action, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates for which they were employed.

42. Specifically, ELSADY worked approximately forty-five (45) hours during each work week in which he was employed but was only compensated for his regular rate rather than one and one-half times his regular rate.

43. Plaintiff was misclassified as an independent contractor.

44. Plaintiff was an employee as defined by the FLSA because the Defendant controlled when Plaintiff worked, all cash flow, the amount charged to each client-member, the customers distribution, the way Plaintiff performed his services, and virtually every other aspect of the business.

45. Plaintiff was also not exempt from the overtime provision of the FLSA in that he was neither a bona fide executive, administrative, or professional employee.

46. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

47. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Defendant knew Plaintiff was not exempt from overtime but refused to pay him at a rate of time and one-half his regular rate.

49. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MOMEN ELSADY demands judgment for:

  a) Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;
  b) Interest on the amount found due;
  c) Liquidated damages pursuant to 29 U.S.C. § 260;
  d) Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and
  e) Such other relief as the Court deems just and proper.

## COUNT II – PRIVATE WHISTLEBLOWER PROTECTION ACT

51. Plaintiff ELSADY re-alleges and re-avers paragraphs 1-10; 22-32; 38-39 as fully set forth herein.

52. This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102, in taking retaliatory personnel action against Plaintiff ELSADY for objecting to and refusing to participate in the violation of Florida statutes and regulations.

53. During the course of his employment with TTG, ELSADY discovered that TTG's daily performance reports were altered in a manner that most, if not all, trades reported were winning trades.

54. ELSADY also discovered that his own reports were altered after he submitted them to Defendant.

55. The performance reports provided a method by which TTG's client-members were able to assess the company's strength in trading because TTG is a subscription service that helps its members "win" in the stock market.

56. By reporting only winning trades, TTG misled its client-members about TTG's performance and, therefore, benefited from increased subscriptions and sales of goods and services.

57. ELSADY alerted Defendant of the deceptive nature of its performance reports because he reasonably believes that such practice violated FDUTPA, §§ 501.201-.213; and/or Fla. Stat. § 817.29; and/or Fla. Stat. § 817.03.

58. However, even though Defendant assured ELSADY that it would investigate and resolve the issue, Defendant took no action to resolve the asserted issues.

59. ELSADY further objected and refused to participate in Defendant's fraudulent scheme and as a direct result, ELSADY was terminated.

60. Under the Private Whistleblower Protection Act, ELSADY is protected from adverse employment action against him for objecting to and/or refusing to participate in TTG's scheme to defraud its client-members. Such a scheme is a violation of FDUTPA, §§ 501.201-.213; and/or Fla. Stat. § 817.29; and/or Fla. Stat. § 817.03.

61. By reason of TTG's effective wrongful discharge of ELSADY, ELSADY has been damaged in that he has suffered lost wages, benefits, and has suffered emotional distress.

62. TTG's conduct in wrongfully discharging ELSADY was willful, wanton, and in reckless disregard of ELSADY's rights under Florida's Private Whistleblower Protection Act.

**WHEREFORE**, Plaintiff MOMEN ELSADY requests judgment as follows:

a) Compensation to ELSADY for lost wages, benefits, other remuneration pursuant to Fla. Stat. §448.103(2)(d);

b) Reinstatement to the same or an equivalent position at the rate of pay and with the full benefits before the retaliatory personnel action pursuant to Fla. Stat. §448.103(2)(b)-(c); or in lieu of reinstatement, front pay;

c) Assessment against TTG of reasonable costs and attorney's fees for this action pursuant to Fla. Stat. §448.104; and

d) Such other and further relief as the Court deems just and proper.

## COUNT III – DEFAMATION PER SE

63. Plaintiff ELSADY re-alleges and re-avers paragraphs 1-10; 33-39 as fully set forth herein.

64. At the end of ELSADY's employment with Defendant, Defendant began to spread false representations about him.

65. Specifically, Defendant posted on its website and group chats that ELSADY was being terminated for repeatedly violating his non-compete agreement which was completely false.

66. Defendant had approximately 2,000 client-members in its chatrooms and server, all of whom could access the posting at any time.

67. Defendant knew at the time it made these statements that they were false and defamatory. It acted with reckless disregard to whether or not those statements were false, or acted negligently in failing to ascertain the truth of those statements made.

68. As a result of Defendant TTG's malicious behavior, Plaintiff has suffered damages, both special and presumed.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, including costs, and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MOMEN ELSADY demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 12, 2024.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
550 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
nhu@icelawfirm.com